UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-21853-CIV-MORENO

UNITED STATES OF AMERICA,

        Appellant,

vs.

ROSS R. HARTOG, Chapter 7 Trustee for the
Bankruptcy Estate of Exporther Bonded Corp.,
RIVERO INVESTMENT GROUP, and
CONTINENTAL DUTY FREE,

        Appellees.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT

THIS CAUSE came before the Court upon Appellant's Notice of Appeal from the United States Bankruptcy Court for the Southern District of Florida (**D.E. 1**), filed on **May 9, 2018**.

THE COURT has considered the briefs and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. Overview

This is an appeal of the United States Bankruptcy Court's Order granting Trustee's Rule 9019 Motion to Approve Settlement with Rivero Investment Group, Inc. and Continental Duty Free Inc. As part of the settlement, the Bankruptcy Court issued a bar order that is limited to claims arising out of or relating to any of the facts, occurrences, or transactions alleged or which could have been alleged by Trustee. The United States, a non-settling party, is the only party objecting to the settlement. The Government wants to pursue nominee claims against the settling non-debtor parties to collect money from the sale of a warehouse, because in its view, there are sale proceeds that belong to the Debtor. The Government wants to collect the proceeds from the

warehouse in order to collect the full tax that is owed by the Debtor. As part of the settlement, the United States will receive its pro rata share, which it argues should be more considering the sale of the warehouse.

The appeal presents three issues: (1) whether the Bankruptcy Court abused its discretion in approving the settlement and bar order; (2) whether an adversary proceeding was necessary for the Bankruptcy Court to issue a bar order as part of the settlement; and (3) whether the Anti-Injunction Act prohibited the Bankruptcy Court from issuing the bar order in question as part of the settlement. The Court concludes that the settlement agreement and the bar order are a reasonable, fair, and equitable resolution to the dispute, and are consistent with the factors set out in Matter of Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996) and In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990). The Court further holds that Bankruptcy Court Judge Robert Mark had authority to issue the bar order as part of a settlement outside the context of an adversary proceeding, and the Court will not disallow the bar order as part of a settlement because of the Anti-Injunction Act.

## II. Background

On October 15, 2015, Debtor Exporther Bonded Corp., filed a voluntary Chapter 11 petition. Debtor is a ship chandelling company that was formed in 1979. During the pendency of the Chapter 11 proceedings, the United States, through the Alcohol and Tobacco Tax and Trade Bureau, was deemed by the Bankruptcy Court to hold an allowed claim against the Debtor's estate totaling $1,746,321.36. On November 15, 2016, the case was converted to a Chapter 7 petition, and Ross Hartog was appointed as Trustee.

Continental Duty Free and Rivero Investment Group are the non-debtor settling parties in this action. Continental Duty Free and Rivero Investment Group were formed in June 1987 and May 1992, respectively. The officers, directors, and persons in charge of the Debtor included Jorge Rivero, Juan Rivero, and Jorge Rivero Jr. The Riveros also owned and controlled Rivero

2

Investment Group and Continental Duty Free.

On October 2012, Rivero Investment Group purchased real property comprising of a warehouse located at 2323 Northwest 72nd Avenue, Miami, Florida 33122 from which the Debtor operated its business. Rivero Investment Group and Continental Duty Free also operated from the same property. The Debtor funded approximately $217,000 toward the purchase deposit, while the Riveros and Continental Duty Free contributed approximately $650,000 toward the purchase deposit. The balance of the purchase was funded through loans obtained from Bank of America and the Florida Business Development Corporation, both of which were backed by the U.S. Small Business Administration. The loans were secured by mortgages on the property and personally guaranteed by Jorge Rivero, the Debtor, and Continental Duty Free.

Rivero Investment Group rented the property to the Debtor and to Continental Duty Free, and collected rent in amounts sufficient to cover the monthly mortgage payments. The Debtor's books and records did not support a finding of insolvency, nor did the Debtor appear to believe that it owed any taxes to the Government at the time of the purchase of the property in October 2012. During the bankruptcy case in 2017, the property was sold, resulting in $4 million in sales proceeds.

The Debtor's schedules, books, and records reflect that as of the petition date, Rivero Investment Group owed the Debtor $890,000. After the property was sold, the Trustee investigated potential claims against Rivero Investment Group and Continental Duty Free, and then informally asserted various claims against those two parties for proceeds from the sale of the property, including claims based on avoidable transfers, breach of contract, nominee theory, alter ego, and equitable lien. The Trustee eventually entered into a pre-suit settlement with the Rivero Investment Group and Continental Duty as to the estate's potential claims. Under the pre-suit

settlement, Rivero Investment Group and Continental Duty agreed to pay $965,000 to the Debtor's bankruptcy estate. The settlement was contingent upon the entry of a bar order, which would enjoin creditors from pursuing the settling parties or their properties arising out of or relating in any manner to any of the facts, occurrences or transactions alleged or which could have been alleged by the Trustee or that arise out of or relate in any way to the Debtor, the bankruptcy case, or any claims available to the bankruptcy estate of the Debtor.

On January 2, 2018, the Trustee filed a motion pursuant to Bankruptcy Rule 9019 to approve the settlement and bar order. Fed. R. Bankr. P. 9019. The United States was the only party that objected to the settlement. The United States wants to pursue claims against the settling non-debtor parties to collect money from the sale of the Property, because in its view, there are sale proceeds that belong to the Debtor. It wants these sale proceeds in order to collect the full tax owed by the Debtor. In its objection, the Government conceded that their claims belonged to the bankruptcy estate. On February 6, 2018, the Bankruptcy Court held a hearing on the Trustee's motion to approve the settlement. Following the hearing, Judge Robert Mark entered an order ruling that the terms of the settlement were reasonable under the In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990) factors. On March 19, 2018, the Bankruptcy Court held a hearing on the propriety of the bar order.

On April 25, 2018, the Bankruptcy Court entered a bench ruling approving the settlement and bar order, followed by a written order dated April 27, 2018. In its order, the Bankruptcy Court found that the Trustee adequately and properly considered the risks and benefits of pursuing litigation versus a settlement. Judge Mark further found that the settlement was negotiated, proposed, and entered into at arm's length, without fraud or collusion and in good faith. The Bankruptcy Court ultimately found that the bar order was fair and equitable and consistent with

public policy.

### III. Legal Standard

The District Court must affirm the Bankruptcy Court's findings of fact unless they are clearly erroneous, but its conclusions of law, however, are reviewed *de novo*. See Mohorne v. Beal Bank, S.S.B., 419 B.R. 488, 492 (S.D. Fla. 2009). As for finding the settlement fair and equitable, it is well established that approval of a settlement in a bankruptcy proceeding is within the sound discretion of the bankruptcy court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. See Berman v. Smith, 510 B.R. 387, 392 (S.D. Fla. 2014).

### IV. Legal Analysis

Appellant United States argues that the Bankruptcy Court's order approving the settlement is erroneous for three reasons: (1) the order granting the motion to approve the settlement was not fair and equitable to creditors, including the Government, because it allowed Debtor's insiders to retain $3,000,000 in sales generated from the sale of real property paid for by the Debtor; (2) the Bankruptcy Court erroneously issued an injunction outside the context of an adversary proceeding, which is required under Bankruptcy Rule 7001(7); and (3) the order improperly bars the government from taking post-bankruptcy collection action in violation of the Anti-Injunction Act, 26 U.S.C. § 7421. The Government's theory is that Rivero Investment Group is a nominee or alter ego of the Debtor, such that the Property actually belonged to the Debtor.

In response, Rivero Investment Group, Continental Duty Free, and Trustee argue that (1) the settlement, including the bar order, was fair and equitable, (2) a bar order as part of a settlement can be approved outside an adversary proceeding and (3) the Anti-Injunction Act does not prevent the entry of the bar order because this case is not about discharging tax liability. For the reasons set forth, this Court agrees with the Appellees and affirms the Bankruptcy Court.

## A. The Settlement Agreement and the Bar Order are Fair and Equitable

Bankruptcy Rule 9019 provides that, after conducting a hearing on notice to creditors, the Bankruptcy Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019; see also In re Morgan, No. 10-60373-CIV, 2011 WL 13185742, at *4 (S.D. Fla. Feb. 15, 2011). In deciding whether to approve a proposed settlement, a bankruptcy court must consider the four factors set forth by the Eleventh Circuit in In re Justice Oaks II: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest in the creditors and a proper deference to their reasonable views in the premises. See Justice Oaks, 898 F.2d at 1549.

A bankruptcy court does not abuse its discretion in approving a settlement agreement unless the agreement falls below the lowest point in the range of reasonableness. See In re Morgan, 2011 WL 13185742, at *4. In approving the settlement agreement, the Bankruptcy Court did not have to rest its approval upon a resolution of the ultimate factual issues underlying the disputes that are compromised. See id. Rather, the Bankruptcy Court must only have made a "pragmatic decision on the basis of all equitable factors." Id. Importantly, "[t]he decision of a [t]rustee in Bankruptcy to enter a settlement is made within his or her business judgment." In re Simmonds, 2010 WL 2976769, at *3 (S.D. Fla. July 20, 2010). Compromises are generally approved if the Bankruptcy Court finds that they meet the business judgment of the trustee. Id. (quoting Indian Motorcycle Co. Inc., 289 B. R. 269, 282-83 (1st Cir. 2003)).

The Eleventh Circuit has held that Bankruptcy Code Section 105 and Rule 16 of the Federal Rules of Civil Procedure, authorize bankruptcy courts to enter bar orders, where such orders are integral to settlement in an adversary proceeding. See Matter of Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996). However, when a settlement agreement contains a bar order, additional inquiry

6

is required. See Brophy v. Salkin, 550 B.R. 595, 599 (S.D. Fla. 2015); In re Land Res., LLC, 505 B.R. 571, 578 (M.D. Fla. 2014). First, the Bankruptcy Court must determine whether it has subject matter jurisdiction over the barred claims. See In re Land Res., LLC, 505 B.R. at 578. For the Bankruptcy Court to exercise subject matter jurisdiction, there must be "some nexus" between the barred claims and the bankruptcy case. See id. After determining jurisdiction, the Bankruptcy Court must decide whether the bar order is "fair and equitable." In making such a determination, the Bankruptcy Court should consider: (1) the likelihood of non-settling defendants to prevail on the barred claim; (2) the complexity of the litigation; and (3) the likelihood of depletion of the resources of the settling defendants. See Munford, 97 F.3d at 455.

*1. The Bankruptcy Court did not abuse its discretion in approving the Settlement*

The record demonstrates that the Bankruptcy Court examined the proper factors and made an informed and independent judgment, concluding that the compromise did not fall below the lowest point in the range of reasonableness. The Bankruptcy Court reasonably examined that the Trustee exercised sound business judgment after evaluating the strength and weaknesses of the potential claims and the cost and time it would take to litigate the claims.

The Bankruptcy Court considered the first Justice Oaks factor — the probability of success in the potential litigation on claims against Rivero Investment Group and Continental Duty Free —and concluded that prevailing on the claims would be difficult. See In re Chira, 567 F.3d 1307, 1313 (11th Cir. 2009); In re Able Body Temp. Servs., Inc., 2015 WL 791281, at *3 (M.D. Fla. Feb. 25, 2015); In re Jiangbo Pharm., Inc., 520 B.R. 316, 321 (Bankr. S.D. Fla. 2014). The Bankruptcy Court first concluded that any constructive fraud claims against the settling parties would require proof of insolvency of the debtor at the time of the transaction, which it determined was a hotly contested fact. Second, it considered the existence of setoff rights on the Trustee's claims against Rivero Investment Group and Continental Duty Free. Third, regarding the potential

7

claim for the sale proceeds or to get a lien on the property of the entities that received the sale proceeds, the Bankruptcy Court concluded there was nothing unusual or inherently wrong with the owners of a company owning the real property that is used by the company. Finally, the Bankruptcy Court considered the difficulty to prevail on claims of alter ego or veil piercing absent evidence of wrongdoing. This Court agrees with the Bankruptcy Court's evaluation of Trustee's probability of success, and concludes that the first Justice Oaks factor supports the Bankruptcy Court's decision to approve the settlement agreement.

The Bankruptcy Court also considered the second Justice Oaks factor—collection difficulties for the Trustee— and determined that there was a concern about collectability of any judgment against Continental Duty Free, because it may no longer by an operating entity. See In re Chira, 567 F.3d at 1313; In re Able Body Temp. Servs., Inc., 2015 WL 791281, at *3; In re Jiangbo Pharm., Inc., 520 B.R. at 321. As to the third factor, this Court holds that the Bankruptcy Court adequately took into account the time and expense of the litigation; the Trustee faced the possibility of costly and protracted litigation over the claims.

As to the fourth factor, the record supports that the settlement was clearly in the best interest of the creditors, including the United States, as prolonged litigation would only diminish the estate's assets. Furthermore, the Bankruptcy Court noted the fact that the Government is going to recover its pro rata share of the settlement.

All of the relevant Justice Oaks factors support the Bankruptcy Court's decision to approve the settlement agreement, therefore the Court agrees that the Bankruptcy Court did not abuse its discretion in approving the settlement agreement.

*2. The Bar Order is Fair and Equitable*

The bar order included in the settlement agreement would enjoin all creditors, including the United States, from pursuing the settling parties and their officers, directors, and agents, the

released parties, from any claims arising out of or related to the claims that the Trustee could have brought, but instead settled through the settlement agreement. When determining whether to enter a bar order against a non-settling party, the bankruptcy court must reasonably determine that the bar order is fair and equitable. U.S. Oil & Gas v. Wolfson, 967 F.2d 489, 496 (11th Cir. 1992). Bar orders incorporated into settlements are considered fair and equitable if: (1) the bar order fulfills the long-standing public policy of encouraging pretrial settlements; (2) the settlement satisfies the requirements for the approval of settlements under Justice Oaks for a fair and reasonable agreement; and (3) the bar order satisfies the nonexclusive set of factors for approval of bar orders set forth in Munford. See Brophy, 550 B.R. at 599; In re Land, 505 B.R. at 578. The Munford factors include: (1) the non-debtor third-party claims which will be barred are "interrelated" with the estate's claims; (2) the likelihood of non-settling defendants to prevail on barred claims; (3) the estate's litigation against the beneficiary of the bar order is complex; and (4) the continued litigation by the estate and other parties against the beneficiary of the bar order will deplete resources. See Munford, 97 F.3d at 455.

    a) Public Policy Favors the Bar Order and the Settlement Satisfies Justice Oaks

The Court first notes that public policy strongly favors pretrial settlement in all types of litigation. Munford, 97 F.3d at 449. The rationale behind this policy is that litigation, depending upon its complexity, "can occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive." Munford, 97 F.3d at 455. Furthermore, litigation costs are particularly burdensome on the bankruptcy estate given the financial instability of the estate. Munford, 97 F.3d at 455. The bar order was an essential, material, and integral element of the settlement, and without it, the parties would have not entered into the settlement. As such, public policy considerations support approval of the bar

order in this case. Additionally, as previously mentioned, this Court has found that the settlement satisfies the requirements under Justice Oaks for a fair and reasonable agreement. See 898 F.2d at 1549.

### b) Interrelatedness of the Claims

The first Munford factor that a bankruptcy court must consider is whether the non-debtor third-party claims, which will be barred, are "interrelated" with the estate's claims. See Munford, 97 F.3d at 453. There must be "some nexus" between the barred claims and the bankruptcy case. See In re Land Res., LLC, 505 B.R. at 578. The test is whether assertion of the claims proposed to be barred "could conceivably have an effect on the estate being administered in bankruptcy." Id. In other words, the barred claims are sufficiently related to the bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id.

The Bankruptcy Court correctly concluded that the claims enjoined by the bar order are interrelated with the Debtor's bankruptcy proceedings. The claims subject to the bar order are interrelated with the claims asserted by the trustee, as described in the bar order language. The bar order is limited to claims arising out of or relating to any of the facts, occurrences, or transactions alleged or which could have been alleged by trustee. Additionally, the record demonstrates that the claim the Government hopes to preserve would be property of the bankruptcy estate, hence any recovery, or in this case settlement, of the claim comes into the estate for the benefit of all creditors, including the United States.[1]

---

[1] In its objection, the Government also conceded that its claim is property of the bankruptcy estate.

### c) The Difficulty and Complexity of the litigation, and Whether the Estate's Resources will be Depleted

The second Munford factor considers the likelihood of non-settling defendants to prevail on barred claims. See Munford, 97 F.3d at 455; Brophy, 550 B.R. at 601. For the reasons previously set forth when analyzing the Justice Oak factors, the Court finds the Bankruptcy Court properly analyzed the complexity and the difficulty of prevailing on nominee claims proposed by the Government, and properly concluded that successful litigation would be difficult. The third Munford factor considers the complexity of the litigation, and this Court finds this factor is undoubtedly met. See Munford, 97 F.3d at 455. Finally, the fourth factor is met because without the bar order, the estate's resources would likely be depleted due to the continuing litigation costs which could take years. See id. Having considered the Justice Oak factors and the Munford factors, this Court concludes that the settlement agreement and the bar order are a reasonable, fair, and an equitable resolution to the dispute.

### B. An Adversary Proceeding is Not Necessary for the Bankruptcy Court to Issue a Bar Order as Part of a Settlement Agreement

The United States argues that under Rule 7001(7), the Bankruptcy Court may issue an injunction only in the context of an adversary proceeding, and whereas here, no adversary proceeding has been filed, injunctive relief may not be granted. Fed. R. Bankr. P. 7001(7). The Appellees instead argue that bar orders have been approved in this Circuit as part of a settlement agreement. The Court agrees with Appellees that no adversary proceeding is necessary for the entry of a bar order pursuant to a Rule 9019 motion for approval of a settlement.

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the bankruptcy

code. 11 U.S.C. § 105(a); see also In re Fundamental Long Term Care, Inc., 492 B.R. 571, 576 (Bankr. M.D. Fla. 2013). Federal Rule of Civil Procedure 16, which is incorporated in adversary proceedings under Rules of Bankruptcy 7016, states in pertinent part: "at any pretrial conference the court may take appropriate action, with respect to.... settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." Fed. R. Civ. P. 16. Section 105(a) clearly provides that a bankruptcy court can enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, while Rule 16 authorizes the use of special procedures to assist the parties in reaching a settlement. See Munford, 97 F.3d at 455. Courts also rely on the All Writs Act to impose injunctions that are integral to settlements. In re Fundamental, 527 B.R. at 513.

The Eleventh Circuit has held that a bar order may be entered pursuant to a Rule 9019 motion for approval of a settlement without there being an adversary proceeding instituted against the enjoined party. See In re Superior Homes & Investments, LLC, 521 F. App'x 895, 898 (11th Cir. 2013). The Eleventh Circuit has expanded the reach of acceptable bar orders to include those enjoining third parties that are not involved in any adversary proceeding between the debtor and the settling party. See id. In Superior Homes, the Eleventh Circuit affirmed the entry of a bar order pursuant to a rule 9019 motion without an adversary proceeding having to be initiated against the enjoined non-settling parties. See id. In that case, the bankruptcy trustee of a Chapter 7 debtor commenced adversary proceedings against the debtor and its principals and affiliates (the "non-debtor defendants"), alleging that the debtor made fraudulent transfers to the non-debtor defendants. Id. at 897. The bankruptcy trustee determined that the non-debtor defendants had approximately $1,000,000 in assets available to satisfy a judgment entered against them, but the trustee was concerned that these assets would be exhausted by the non-debtor defendants' defense

of state court cases filed by 560 creditors of the debtor. Id. Those creditors sought to recover from the non-debtor defendants the allegedly fraudulent transfers made between the debtor and the non-debtor defendants. Id. To safeguard the $1,000,000 in assets for the benefit of the bankruptcy estate and all of its creditors, the trustee constructed a compromise that would result in the non-debtor defendants paying $800,000 to the estate in exchange for the entry of a bar order enjoining further litigation against the debtor and the non-debtor defendants, including the state court litigation by the 560 creditors. Id. The trustee submitted the proposed settlement and bar order to the bankruptcy court, which approved the settlement and bar order over the objections of certain creditors. Id. Those creditors appealed to the district court, which affirmed the bankruptcy court's order. Id. On further appeal, the Eleventh Circuit affirmed. Id. at 899. The court concluded simply that the state court litigation pursued by the creditors would directly impact the estate because the trustee would not have received the $800,000 settlement without the bar order. Id. at 898.

Moreover, a district court in the Eleventh Circuit explicitly rejected Appellant's argument that the bankruptcy court's approval of the bar order outside the context of an adversary proceeding contravened bankruptcy Rule 7001(7). See In re Land Res., LLC, 505 B.R. at 582. The court stated that the Eleventh Circuit has upheld bankruptcy courts' approval of bar orders submitted in conjunction with a motion for approval of a settlement pursuant to Bankruptcy Rule 9019, without the requirement that the bankruptcy court conduct adversary proceedings pursuant to Bankruptcy rule 7001(7). See In re Land Res., LLC, 505 B.R. at 584. Furthermore, the appellant in that case, just as in this case, urged the court to follow the holding in Zale Corp., 62 F.3d 746 (5th Cir. 1995)[2], however, the court found appellant's reliance on Zale Corp unavailing in light of binding

---

[2] In Zale Corp., the bankruptcy court entered an order approving a settlement and enjoining third-party claims against insurer. The Fifth Circuit later held that to temporarily enjoin third-party actions against insurer, no such injunction could be issued absent an adversary proceeding, in which complaint was filed and served on each affected party; an

Eleventh Circuit precedent. See id.

In support of its appeal, the Government cites to In re S. Inst. for Treatment & Evaluation, Inc., 217 B.R. 962, 964 (Bankr. S.D. Fla. 1998). In that case, the debtor moved for sanctions and injunctive relief as part of a motion to hold the government agency in contempt for withholding Medicare reimbursement payments in alleged violation of an automatic stay. See In re S. Inst. for Treatment & Evaluation, Inc., 217 B.R. at 964. But in that case, the injunction was not a bar order as part of a settlement precipitated by a Rule 9019 motion, therefore, the case is inapposite. See id. Similarly, In In re Tucker, NO. 05-15001-CIV, 2005 WL 5607595, at *1 (Bankr. N.D. Ga. Nov. 18, 2005), the court required that there be an adversary proceeding before injunctive relief could be given, however this case is also inapposite, because the injunction originated from a motion for a stay, and not from a bar order as part of a settlement.

Accordingly, along with the fact that Section 105(a) allows the bankruptcy court to enter "any order" necessary or appropriate to carry out the provisions of the Bankruptcy Code and the fact that Rule 16 authorizes the use of special procedures to assist the parties in reaching a settlement, this Court will follow precedent and hold that the Bankruptcy Court had authority to issue the bar order as part of a settlement outside the context of an adversary proceeding.

### C. The Anti-Injunction Act Does Not Prohibit the Bankruptcy Court's Ability to Approve a Trustee's Settlement of a Debtor's Claim against Non-debtors, where a Material Term of the Settlement is an Injunction of Third-Party Claims Arising from the Same Alleged Acts

The United States contends that bar orders to enjoin the assessment or collection of taxes are prohibited by the "anti-injunction" statute and hence that the Bankruptcy Court was without

---

injunction could not simply be added to a settlement agreement, without notice to affected parties and opportunity to be heard. Matter of Zale Corp., 62 F.3d 746 (5th Cir. 1995).

14

jurisdiction to issue such an injunction.[3] This Court agrees with the Bankruptcy Court's analysis; this is a case about the Bankruptcy Court's authority to approve a trustee's settlement of a debtor's claim against non-debtors, where a material term of the settlement is a bar order preventing third-party claims arising from the same alleged acts, including claims by the United States. Hence, the issue in this case is not whether the Bankruptcy Court had authority to discharge tax liability through a confirmed Chapter 11 plan or authority to enjoin the Government's tax collection efforts because a bankruptcy petition was filed. While cases cited by the Government prevent a bankruptcy court from enjoining the government's tax collection efforts when a bankruptcy petition is filed, they do not suggest that the Anti-Injunction Act prohibits entry of a bar order as part of a settlement pursuant to a Bankruptcy Rule 9019 motion.

To reinforce its argument that the Anti-Injunction Act prohibits the bar order at issue, the Government cites to a handful of cases outside this circuit. Not only are these cases not binding, this Court also finds those cases as distinguishable. First, the Government cites to Matter of LaSalle Rolling Mills, Inc., 832 F.2d 390, 394 (7th Cir. 1987), a case in which a debtor sought a preliminary injunction prohibiting the Internal Revenue Service from assessing a "responsible officer penalty." The Seventh Circuit held that the Anti-Injunction Act bars LaSalle's claim. See LaSalle, 832 F.2d at 394. Nevertheless, the circumstances of that injunction are dissimilar to our case, because, first, LaSalle does not deal with the bankruptcy court's authority to issue a bar order as a material term of a settlement, it deals with the debtor seeking to only enjoin the IRS's penalty. See id. Second, the claim enjoined by the IRS was a non-bankruptcy estate claim, while in this

---

[3] Section 7421(a) of the 1954 Internal Revenue Code provides: "Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

case, all of the United States' potential claims are property of the estate.[4] See id. Next, the Government cites to Matter of Becker's Motor Transp., Inc., 632 F.2d 242, 246 (3d Cir. 1980). In that case, the debtor sought to enjoin the IRS from collecting pre-petition penalties and post-petition interest on tax debts due and owing from the corporate debtor. See Becker's, 632 F.2d at 246. Becker's does not deal with a bar order that was part of a settlement, instead, it deals with a traditional injunction on the IRS's collection efforts, and thus it is distinguishable.[5] See id.

The Government cites to two district cases in the Eleventh Circuit, however, they are also dissimilar to this case.[6] The first case is In re A & B Heating & Air Conditioning, Inc., 57 B.R. 360, 361 (M.D. Fla. 1985), where the bankruptcy court enjoined the IRS from assessing and collecting taxes owed by the debtor's president. The second case is Matter of Driscoll's Towing Serv., Inc., 51 B.R. 990, 992 (S.D. Fla. 1985), where the court enjoined the IRS from collecting a 100 % penalty assessed against the corporate principals for failure to pay over employment taxes. Both of these cases are distinguishable because they involve requests for an injunction to bar the government's tax collection, not bar orders as part of a settlement.[7] See A & B Heating, 57 B.R. at 361; Driscoll's, 51 B.R. at 992. Accordingly, this case is not about the Bankruptcy Court's

---

[4] Additionally, the United States cites to MCorp, however that case is distinguishable because it deals with the financial institution supervisory act, not the anti-Injunction Act that is at issue in this appeal. See MCorp, Inc. v. Bd. of Governors Fed. Reserve Sys. of U.S., 900 F.2d 852, 857 (5th Cir. 1990), aff'd in part, rev'd in part sub nom. Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc., 502 U.S. 32, 112 S. Ct. 459, 116 L. Ed. 2d 358 (1991).

[5] This Court believes it is important to note that in In re William Netherly, the court held that The Anti-Injunction Act, 26 U.S.C. § 7421(a), does not preclude the Bankruptcy Court from granting injunctive relief against the IRS because Congress through enactment of the Bankruptcy Code, has evinced an intention to enact a particularized yet complete statutory scheme governing bankruptcy that overrides the general policy reflected by the Anti-Injunction Act." See In re William Netherly, Inc., 53 B.R. 856, 858 (Bankr. M.D. Fla. 1985).

[6] The Eleventh Circuit recently stated that when the Anti-Injunction applies, it deprives federal courts of jurisdiction, however this Court holds that the anti-injunction act does not apply, therefore the bankruptcy court still has jurisdiction to enter the bar order. Furthermore, that case did not deal with a bar order as part of a settlement to enjoin bankruptcy estate claims. See In re Walter Energy, Inc., 911 F.3d 1121, 1136 (11th Cir. 2018).

[7] The Government cites to Bostwick, which holds that the bankruptcy court has authority to enjoin tax collection notwithstanding the Anti-Injunction Act, however, even if this Court was not to follow that opinion, the bar order would still be admissible. See Bostwick v. United States, 521 F.2d 741, 744 (8th Cir. 1975).

ability to grant a request by the debtor to enjoin the government's collection of a certain tax. What this case really is about is whether the Bankruptcy Court can issue a bar order as part of a settlement agreement that enjoins third party claims that arise from the same alleged acts; especially where the government will be able to recover its pro rata share of the settlement. Accordingly, because there is no authority to rule otherwise, the Court finds the Bankruptcy Court's order approving the settlement agreement that contains the bar order did not violate the Anti-Injunction Act.

## V. Conclusion

The Court finds that the Bankruptcy Court did not abuse its discretion in approving the settlement, that it had authority to issue the bar order as part of the settlement outside the context of an adversary proceeding, and that the Anti-Injunction Act does not prevent the type of bar order at issue. Accordingly, it is

**ADJUDGED** that the Bankruptcy Court's Order Granting Trustee's Motion to Approve Settlement with Rivero Investment Group, Inc and Continental Duty free, Inc entered on April 27, 2018 is **AFFIRMED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _20th_ of March 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record